# Exhibit A

**McCARTER & ENGLISH, LLP**
John E. Flaherty
jflaherty@mccarter.com
Ravin R. Patel
rpatel@mccarter.com
Guillermo C. Artiles
gartiles@mccarter.com
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-4444

**SIDLEY AUSTIN LLP**
Dave Anderson (*admitted pro hac vice*)
dlanderson@sidley.com
555 California Street
San Francisco, CA 94104
Telephone: (415) 772-1200

**SIDLEY AUSTIN LLP**
Sona De (*admitted pro hac vice*)
sde@sidley.com
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300

*Attorneys for Plaintiffs*

**BLANK ROME LLP**
*A Pennsylvania LLP*
Stephen M. Orlofsky
David C. Kistler
New Jersey Resident Partners
301 Carnegie Center, 3rd Floor
Princeton, NJ 08540
Telephone: (609) 750-7700
Facsimile: (609) 750-7701
Orlofsky@BlankRome.com
Kistler@BlankRome.com

**DEBEVOISE & PLIMPTON LLP**
David H. Bernstein (*admitted pro hac vice*)
Jyotin Hamid (*admitted pro hac vice*)
Zheng Wang (*admitted pro hac vice*)
919 Third Avenue
New York, NY 10022
Telephone:  (212) 909-6696
Facsimile:  (212) 521-7696
DHBernstein@Debevoise.com
JHamid@Debevoise.com
ZWang@Debevoise.com

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MERCK & CO., INC., and<br>MERCK SHARP & DOHME CORP.,<br><br>Plaintiffs,<br><br>v.<br><br>MERCK KGAA,<br><br>Defendant. | Civil Action No. 2:16-cv-00266-ES-MAH<br><br>*Electronically Filed* |

1

## STIPULATION AND PROTECTIVE ORDER
## REGARDING CONFIDENTIALITY OF DOCUMENTS
## AND OTHER INFORMATION PRODUCED IN DISCOVERY

In accordance with Federal Rule of Civil Procedure 26(c), plaintiffs Merck & Co.,

Inc. and Merck Sharp & Dohme Corp. ("Plaintiffs") and defendant Merck KGaA

("Defendant"), by their undersigned counsel, stipulate and agree as follows:

1.      Any party producing documents, answers to interrogatories, responses to

requests for admissions, testimony or other information in this litigation may designate

such documents or information, or any part thereof, as "Confidential Material."

Confidential Material includes those files, documents, computerized information,

testimony or other information furnished by a party in the course of discovery in this

action which counsel believes in good faith is subject to protection under Rule 26(c) of

the Federal Rules of Civil Procedure.

2.      Confidential Material may not be disclosed by the receiving party to any

person other than:

(a)      outside counsel of any party (or its parents, subsidiaries and

affiliates), and their partners, counsel, associates or employees to whom such disclosure

is reasonably deemed necessary by such counsel for the conduct of this litigation or for

the provision of legal advice;

(b)      any party (or its parents, subsidiaries and affiliates) to this

litigation (or its officers, directors, in-house counsel and employees), but only to the

extent that such disclosure is reasonably deemed necessary by such party's counsel for

the conduct of this litigation or for the provision of legal advice, and provided that such

persons may retain Confidential Material only as long as necessary for the conduct of this

2

litigation;

      (c)      independent experts and consultants retained by or associated with any party or its counsel to assist in the conduct of this litigation, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for that purpose, provided that such persons may retain Confidential Material only as long as is necessary for them to render such assistance;

      (d)      a party or non-party witness and counsel for such witness in the course of his or her examination at deposition in this action, to the extent deemed necessary by counsel for a named party;

      (e)      persons who have prepared or assisted in the preparation of the Confidential Material or to whom the Confidential Material or copies thereof were addressed, delivered, or relate, but only to the extent that such disclosure is necessary for the conduct of this litigation, and provided that such persons may not retain any Confidential Material;

      (f)      the Court in this action, and Court personnel, including, stenographic reporters and/or certified videotape operators engaged in pretrial discovery, but provided that such persons may retain Confidential Material only as long as is necessary for such engagement;

      (g)      translators and other third-party vendors retained by or associated with any party or its counsel in order to assist in the conduct of this litigation, including a professional jury or trial consultant retained in connection with this litigation and mock jurors retained by such a consultant to assist them in their work, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for that purpose and

provided that such persons may retain Confidential Material only as long as is necessary for them to render such assistance; and/or

(h)  any other person to whom the parties agree in writing, or as directed by Order of Court.

3.  Any party producing files, documents, computerized information, testimony or other information in the course of discovery in this action that counsel believes in good faith constitute or reveal proprietary information of such a commercially sensitive nature that disclosure to persons other than those specified in Paragraph 4 below would reasonably be expected to result in competitive or business injury to the designating party, may designate such documents or information, or any part thereof, as "Attorney's Eyes Only Material." Each party that designates information as Attorney's Eyes Only Material must take care to limit any such designation to specific material that qualifies under the appropriate standard.  Mass or indiscriminate designations are prohibited.

4.  Attorney's Eyes Only Material shall be treated as Confidential Material under this Order in all respects except that the contents of Attorney's Eyes Only Material shall not be revealed, disclosed or communicated in any way to anyone except the following persons:

(a)  outside counsel of any party (or its parents, subsidiaries and affiliates), and their partners, counsel, associates or employees to whom such disclosure is reasonably deemed necessary by such counsel for the conduct of this litigation or for the provision of legal advice;

(b)  in-house counsel of any party (or its parents, subsidiaries and affiliates), but only to the extent that such disclosure is reasonably deemed necessary by

4

such party's counsel for the conduct of this litigation or for the provision of legal advice, and provided that such persons may retain Attorney's Eyes Only Material only as long as necessary for the conduct of this litigation;

        (c)      independent experts and consultants, including jury consultants, retained by or associated with any party or its counsel to assist in the conduct of this litigation, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for that purpose and provided that such persons may retain Attorney's Eyes Only Material only as long as is necessary for them to render such assistance;

        (d)      an officer, director, employee, or proposed expert witness of the party that produced the Attorney's Eyes Only Material in the course of his or her examination at deposition in this action, and counsel for such witness, to the extent deemed necessary by counsel for a named party in order to examine such witness;

        (e)      persons who have prepared or assisted in the preparation of the Attorney's Eyes Only Material or to whom the Attorney's Eyes Only Materials or copies thereof were addressed, delivered, or relate but only to the extent that such disclosure is necessary for the conduct of this litigation, and provided further that such persons may not retain any Attorney's Eyes Only Material;

        (f)      the Court in this action and Court personnel, including stenographic reporters and/or certified videotape operators engaged in pretrial discovery, but provided that such persons may retain Attorney's Eyes Only Material only as long as is necessary for such engagement;

        (g)      translators and other third-party vendors retained by or associated with any party or its counsel in order to assist in the conduct of this litigation, but only to

the extent that such disclosure is reasonably deemed necessary by such counsel for that

purpose and provided that such persons may retain Attorney's Eyes Only Material only

as long as is necessary for them to render assistance;

        (h)    any other person to whom the parties agree in writing, or as

directed by Order of Court.

*In no event shall Attorney's Eyes Only Material, or its contents, disclosed by one party to*

*any of the persons identified in Paragraphs 4(a) through 4(h) above be shown or*

*communicated in any way to the other party to this action (or its officers, directors or*

*employees) other than as allowed by Paragraph 4(b).*

     5.    Certain files, documents, computerized information, testimony or other

information that may be produced in the course of discovery in this action may contain

personal data as defined in Article 2(a) of the European Directive 95/46/EC of the

European Parliament and of the Council of 24 October 1995 on the protection of

individuals with regard to the processing of personal data and on the free movement of

such data (the "EU Data Protection Directive"), as implemented by § 3 para 1 of the

German Federal Data Protection Act (Bundesdatenschutzgesetz) or any other European

law implementing the EU Data Protection Directive ("EU Personal Data"). EU Personal

Data may not be disclosed by the receiving party to any person other than those listed in

Paragraph 2 (if the document or material is otherwise designated as Confidential Material

or undesignated) or Paragraph 4 (if the document or material is otherwise designated as

Attorney's Eyes Only Material). Notwithstanding the foregoing, either party may

introduce relevant and admissible EU Personal Data in court filings, at trial, or at a

hearing before the Court in this action without moving to do so under seal, unless the

documents or information are otherwise designated as "Confidential Material" or "Attorney's Eyes Only Material."

6.      To the extent a responsive document or other information containing EU Personal Data is available from a non-protected source, such as a source within the United States, the parties agree that it will be produced from that non-protected source free of redaction, to the extent permitted by German or otherwise applicable law.

7.      To the extent each producing party intends to produce documents or other information that includes EU Personal Data of one of the following individuals, the producing party will request from that individual written consent to produce such personal data in unredacted form:  (1) individuals identified in the November 30, 2016 exchange of proposed custodians, (2) custodians of documents produced in this proceeding, (3) individuals named in an interrogatory response as involved in relevant decisions or possessing relevant information, (4) individuals who have provided legal counsel to the producing party related to the issues in this litigation, and (5) any other individual whose EU Personal Data is necessary for this litigation.  The producing party is not obligated to request a written consent from any of the foregoing individuals or those referenced in Paragraph 8 if the same EU Personal Data that may be produced pursuant to such a consent may also be produced on an alternative legal ground.

8.      In addition to the individuals from whom consents are sought pursuant to paragraph 7 above, the parties further agree that they will conduct a good-faith effort to identify the additional employees or third parties whose EU Personal Data appear frequently among the potentially responsive materials in their possession, custody, or control.  The parties agree that they will request consents from a reasonable number of

such additional employees and third parties in order to minimize the redactions of otherwise responsive information from their respective productions. The foregoing shall not limit either party's ability to challenge the number of consents requested by the other party, nor shall it limit either party's ability to challenge the other party's failure to seek consent from a particular individual.

9.      The producing party will include terms providing for the following when requesting written consent for the use of EU Personal Data in this action:

      (a)      freely given consent to the processing and use of personal data from all sources where an individual's responsive materials might reasonably be found, including data stored in private or third-party storage locations;

      (b)      freely given consent to the processing, transfer, and use of personal data that the individual provides directly to the receiving party, its representatives, or the Court in this proceeding;

      (c)      notification that the individual's personal data may be transferred and used in the U.S. where the level of data protection may not be identical to the level of protection provided by the German or European data protection laws; and

      (d)      notification that the individual's data may be shared with the receiving party and its attorneys and that it may be used in this proceeding for any purpose, including in pre-trial discovery and public trial proceedings.

10.      The fact that a document contains EU Personal Data shall not be a basis for refusing the document's production.

11.      The fact that a document contains EU Personal Data that is redacted pursuant to this Order ("Redacted EU Personal Data") shall not be a basis for designating that

document as "Confidential Material" or "Attorney's Eyes Only Material." Any such designation shall be made based on the content of the remainder of the information disclosed in the document in accordance with this Order.

12.     The producing party shall designate documents and/or information containing EU Personal Data that is redacted as "REDACTED EU PERSONAL DATA" and those containing unredacted EU Personal Data as "CONFIDENTIAL – EU PERSONAL DATA."

13.     Each party that redacts EU Personal Data must take care to limit any such redaction to specific material that qualifies under the appropriate standards.  Mass or indiscriminate redactions are prohibited.

14.     Before disclosing Confidential Material to any person identified in Paragraph 2 above or Attorney's Eyes Only Material to any persons identified in Paragraph 4 above or EU Personal Data to any persons pursuant to Paragraph 5 above (other than the producing party and its officers, directors, in-house counsel, employees, experts, and the Court and Court personnel and mock jurors as specifically set forth in Paragraph 15), counsel contemplating disclosure shall require such persons to read a copy of this Order and sign a copy of the Confidentiality Agreement, in the form attached hereto as Exhibit A, affirming that the recipient:  (a) has read this Order and understands all of its terms; (b) agrees to abide by and to be bound by the terms of this Order; and (c) agrees to submit to the Court's jurisdiction for purposes of enforcement of this Order by proceedings for contempt and/or proceedings for legal and/or equitable relief, including damages, for a breach thereof.  Counsel shall retain each such Confidentiality Agreement until such time as the litigation, including all appeals, is concluded and counsel has retrieved all

Confidential Material, Attorney's Eyes Only Material and EU Personal Data or received certification of its destruction from the recipient pursuant to Paragraph 21 below.  If the Court orders the disclosure of any Redacted EU Personal Data in this action or the producing party determines that any Redacted EU Personal Data in this action can otherwise be disclosed, the producing party shall be permitted to revisit the confidentiality designations made pursuant to this Order as to the new version of any such documents with said Redacted EU Personal Data and reproduce those documents with an amended confidentiality legend.

15.   Before disclosing Confidential Material to a mock juror as identified in Paragraph 2 (g) above or EU Personal Data to a mock juror as identified in Paragraph 5 above, counsel contemplating disclosure shall require such persons to read paragraphs 1, 3, 5, 15, 18, 19, 20, 26, and 27 of this Order and sign a copy of the Confidentiality Agreement, in the form attached hereto as Exhibit B, affirming that the recipient:  (a) has read paragraphs 1, 3, 5, 15, 18, 19, 20, 26, and 27 of this Order and understands all of its terms; (b) agrees to abide by and to be bound by the terms of this Order; and (c) agrees to submit to the Court's jurisdiction for purposes of enforcement of this Order by proceedings for contempt and/or proceedings for legal and/or equitable relief, including damages, for a breach thereof.  Counsel shall retain each such Confidentiality Agreement until such time as the litigation, including all appeals, is concluded and counsel has retrieved all Confidential Material, Attorney's Eyes Only Material and EU Personal Data, or received certification of its destruction from the recipient pursuant to Paragraph 21 below.

16.    To mark documents and/or information under this Order as Confidential

Material, Attorney's Eyes Only Material or EU Personal Data, the legend

"CONFIDENTIAL" or "ATTORNEY'S EYES ONLY", "REDACTED EU PERSONAL

DATA" and/or "CONFIDENTIAL – EU PERSONAL DATA" as the case may be shall

be affixed to each pertinent page or section of a page, or shall otherwise be applied to

pertinent sections of deposition transcripts or answers to interrogatories as indicated by

means of a statement on the record at the time of deposition testimony or by written

notice to the other party within thirty (30) days of receipt of the transcript of the

testimony.  For information produced in its native file format, the designations

"CONFIDENTIAL" or "'ATTORNEY'S EYES ONLY", "REDACTED EU PERSONAL

DATA" and/or "CONFIDENTIAL – EU PERSONAL DATA" as the case may be shall

appear in a database field entitled "TREATMENT" that shall be related to each

document.  Additionally, each hard drive, disk or other physical item containing native

files shall be marked as "CONFIDENTIAL" or "'ATTORNEY'S EYES ONLY",

"REDACTED EU PERSONAL DATA" and/or "CONFIDENTIAL - EU PERSONAL

DATA" as the case may be.

17.    If any Confidential Material,  Attorney's Eyes Only Material or EU Personal

Data is provided inadvertently to a discovering party without being marked as

"CONFIDENTIAL",  "ATTORNEY'S EYES ONLY" and/or "CONFIDENTIAL – EU

PERSONAL DATA" in accordance with the terms of this Order, the failure to so mark

the documents and/or information shall not be deemed a waiver of the right to assert

confidentiality.  A party may designate the documents and/or information as Confidential

Material, Attorney's Eyes Only Material and/or EU Personal Data at a later date, at which

Case 2:16-cv-00266-ES-MAH Document 66-1 Filed 03/03/17 Page 12 of 22 PageID: 972

time the provisions of this Order shall apply to such documents and/or information. If the discovering party has already disclosed any Attorney's Eyes Only Material, Confidential Material or EU Personal Data, to any person or entity not authorized to receive the documents and/or information, that party will attempt in good faith effort to retrieve or secure the deletion of such documents and/or information within seven (7) days of notification of the information and/or documents as being Confidential Material, Attorney's Eyes Only Material and/or EU Personal Data and promptly inform the disclosing party in writing. If a document is designated "CONFIDENTIAL", "ATTORNEY'S EYES ONLY", or "CONFIDENTIAL – EU PERSONAL DATA" and one or more copies of the documents or the original are also produced but not so designated, the copies or original shall also be treated as Confidential Material, Attorney's Eyes Only Material and/or EU Personal Data if the recipient is actually aware of such fact.

18.     If any party objects to the redaction of any documents or information or the designation of any documents and/or information as "CONFIDENTIAL", "ATTORNEY'S EYES ONLY", "REDACTED EU PERSONAL DATA" or "CONFIDENTIAL – EU PERSONAL DATA", such party shall notify the producing party or non-party of such dispute in writing, specifying the materials in dispute and specifying the basis for its objection. The receiving party's identification of challenged redactions or designations must be done in good faith, and not in an indiscriminate manner, and must give the producing party 14 days to review the material and, if no change in designation is agreed to, to explain in writing the basis for its refusal. If the parties are unable to resolve such dispute through this process, the party objecting to the

designation may submit the dispute to the Court for resolution.  Pending resolution of

such dispute by the Court, the documents and/or information shall retain their designation

as "CONFIDENTIAL", "ATTORNEY'S EYES ONLY", "CONFIDENTIAL – EU

PERSONAL DATA" and/or "REDACTED EU PERSONAL DATA".

19.     All documents and information received in discovery in this action, including

Confidential Material  or Attorney's Eyes Only Material and/or EU Personal Data, and all

other material, whether or not ultimately made part of the public record, shall be used by

the receiving party solely for purposes of the above-captioned litigation, unless set forth

otherwise by Court Order, including any appeals, and for no other business, litigation or

other purpose whatsoever. Each party may use in the above-captioned litigation relevant

material exchanged in any other litigation between the parties (or their parents,

subsidiaries and affiliates) relating to the word "Merck", whether as all or part of a

trademark, trade name, corporate name, firm name, domain name, gTLD, logo or any

other use (the "Global Litigation").  Any such documents and/or information will be

presumptively designated as Attorney's Eyes Only Material.  This agreement does not

waive any relevancy objection by either side.  The parties reserve their right to object to

the admissibility in this proceeding of any documents from foreign proceedings on any

grounds.

20.     Any Party may introduce relevant and admissible Confidential Material or

Attorney's Eyes Only Material in court filings, at trial or at a hearing before the Court in

this action provided that the party introducing the material moves to do so under seal if

the introducing Party is aware of the confidential status of the respective documents

and/or information, unless otherwise ordered by the Court. Where possible, only

confidential portions of filings with the Court shall be filed under seal. For the avoidance of doubt, either party may introduce relevant and admissible documents or information designated as "CONFIDENTIAL – EU PERSONAL DATA" in court filings, at trial, or at a hearing before the Court in this action without moving to do so under seal, unless the documents or information are also separately designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

21.     Except as may be otherwise agreed by the parties or by Court order, not later than sixty (60) days after the conclusion of this litigation, including all appeals, the receiving party shall either destroy the Confidential Material, Attorney's Eyes Only Material, or EU Personal Data (and secure the deletion of any such material that it disclosed to any persons under Paragraphs 2, 4 or 5) or return the Confidential Material, Attorney's Eyes Only Material, or EU Personal Data (and secure the return of any such material that it disclosed to any persons under Paragraphs 2, 4 or 5) to the producing party, except for Confidential Material, Attorney's Eyes Only or EU Personal Data that has been incorporated into work product or that has been obtained from the Global Litigation, and shall so certify in writing to the producing party.

22.     The production of Confidential Material and/or Attorney's Eyes Only Material pursuant to this Order is not intended to constitute a waiver of any privilege or right to claim the trade secret or confidential status of the documents, materials, or information produced.

23.     Pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502, inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or

immunity from discovery if, after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity, and requests in writing return or destruction of such documents to the producing party with the basis for the assertion of privilege or immunity. Upon request by the producing party, the receiving party shall within ten (10) business days return all copies of such inadvertently produced document(s) or certify in writing that all copies have been destroyed, and shall not use or disclose any inadvertently produced material or information for any purpose unless and until the asserted privileges or immunities have been successfully challenged or withdrawn. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, except that no such challenge may assert the inadvertent or unintentional disclosure as a ground for requiring production.

24.     This Order shall be without prejudice to the right of any party to object to any discovery request on the ground that the information requested is not relevant or otherwise discoverable.

25.     The restrictions set forth in this Order shall not apply to documents, materials or information which:

(a)     were or become disclosed to the public, other than through violation of this Order; provided, however, that Confidential Material or Attorney's Eyes Only Material shall not lose its confidential status by reason of its use or disclosure in any proceeding in this litigation;

15

(b)     are acquired by the non-producing party from a third party lawfully

possessing such documents, materials or information, except as otherwise provided in

Paragraph 26 below; or

(c)     were lawfully possessed by the non-producing party before

discovery in this action, other than documents produced in the Global Litigation subject

to Paragraph 19 above.

26.     Any third party producing its own documents pursuant to requests by a party in

this litigation may invoke the protections of this Order in connection with such

production.  Further, within fifteen (15) days of any third party production of documents

in connection with this action, each of the parties to this action shall be able to designate

any of those documents as "Confidential Material", "Attorney's Eyes Only Material"

and/or "Confidential – EU Personal Data" pursuant hereto, based on its own (and not the

third party's) interest in preserving the confidentiality of the documents so designated.

27.     Nothing in this Order shall:

(a)     prevent or restrict any person from using or disclosing in any way

documents it has produced or disclosed in the course of discovery proceedings herein or

documents it has obtained other than through discovery in this action;

(b)     prevent or restrict any person from seeking additional protection

with respect to the disclosure of particular documents;

(c)     prevent or restrict any person from seeking relief from this Order

for good cause shown; or

(d)     prohibit a party from producing Confidential Material, Attorney's

Eyes Only Material, or EU Personal Data in its possession pursuant to a subpoena issued

by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such Confidential Material, Attorney's Eyes Only Material, or EU Personal Data; provided, however, that if such party receives a subpoena or other compulsory process seeking production or other disclosure of Confidential Material, Attorney's Eyes Only Material, or EU Personal Data, that party shall give prompt written notice to counsel for the producing party, identifying the Confidential Material, Attorney's Eyes Only Material, or EU Personal Data at issue, and, unless prohibited by applicable law, enclosing a copy of the subpoena or other compulsory process in order that the producing party may protect its interest in said Confidential Material, Attorney's Eyes Only Material, or EU Personal Data.  When possible, at least ten (10) days written notice before production or other disclosure shall be given and, in all circumstances, reasonable efforts shall be made to provide written notice prior to production or disclosure.

27.    This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by written stipulation of the parties filed with the Court.

Dated:     Newark, New Jersey
           March 3,  2017

**McCARTER & ENGLISH, LLP**

*s/John E. Flaherty*
John E. Flaherty
jflaherty@mccarter.com
Ravin R. Patel
rpatel@mccarter.com
Guillermo C. Artiles
gartiles@mccarter.com

**BLANK ROME LLP**

*s/Stephen M. Orlofsky*
Stephen M. Orlofsky
David C. Kistler
New Jersey Resident Partners
301 Carnegie Center, 3rd Floor
Princeton, NJ  08540
Telephone: (609) 750-7700
Facsimile: (609) 750-7701
Orlofsky@BlankRome.com
Kistler@BlankRome.com

17

Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-4444

**SIDLEY AUSTIN LLP**

Dave Anderson (*admitted pro hac vice*)
dlanderson@sidley.com
555 California Street
San Francisco, CA 94104
Telephone: (415) 772-1200

**SIDLEY AUSTIN LLP**

Sona De (*admitted pro hac vice*)
sde@sidley.com
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300

*Attorneys for Plaintiffs*

**DEBEVOISE & PLIMPTON LLP**

David H. Bernstein (*admitted pro hac vice*)
Jyotin Hamid (*admitted pro hac vice*)
Zheng Wang (*admitted pro hac vice*)
919 Third Avenue
New York, NY  10022
Telephone:  (212) 909-6696
Facsimile:  (212) 521-7696
DHBernstein@Debevoise.com
JHamid@Debevoise.com
ZWang@Debevoise.com

*Attorneys for Defendant*

**IT IS SO ORDERED** this ___ day of ___ 2017.

_____
Michael A. Hammer, U.S.M.J.

SO ORDERED

s/Michael A. Hammer
Michael A. Hammer, U.S.M.J.

Date:  3/6/17

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge, agree and certify

under penalty of perjury that:

1.     I have read the Stipulation and Protective Order Regarding Confidentiality of

Documents and Other Information Produced in Discovery ("Order"), entered in the civil

action captioned, Merck & Co., Inc. and Merck Sharp & Dohme Corp. v. Merck KGaA, Civil

Action No. 2:16-cv-00266-ES-MAH, in the United States District Court for the District of

New Jersey.

2.     I understand the terms of the Order.

3.     I hereby agree to be bound by the terms of the Order and understand that a

violation thereof may subject me to contempt proceedings and to legal and equitable

remedies, including damages.

4.     I understand and agree that money damages would not be a sufficient remedy

for breach of this Undertaking and that a party that asserts the confidential interest shall be

entitled to specific performance and injunctive or other equitable relief as a remedy for any

such breach.  I agree to waive any requirement for the securing or posting of any bond in

connection with such remedy.  Such remedy shall not be deemed to be the exclusive remedy

for breach of this Undertaking but shall be in addition to all remedies available at law or

equity.

5.     I hereby irrevocably submit to the jurisdiction of the United States District

Court for the District of New Jersey, or any other court of competent jurisdiction, for

purposes of ensuring compliance with the terms and conditions of the Order and for civil

remedies in the form of legal and equitable relief, including damages, for any breach thereof.

        Executed on _____.

_____
Print Name

_____
Signature

_____
Title

_____
Company

**EXHIBIT B**

**<u>CONFIDENTIALITY AGREEMENT</u>**

I, _____, hereby acknowledge, agree and certify

under penalty of perjury that:

1.      I have read Paragraphs 1, 3, 5, 15, 18, 19, 20, 26, and 27 of the Stipulation and

Protective Order Regarding Confidentiality of Documents and Other Information Produced

in Discovery ("Order"), entered in the civil action captioned, Merck & Co., Inc. and Merck

Sharp & Dohme Corp. v. Merck KGaA, Civil Action No. 2:16-cv-00266-ES-MAH, in the

United States District Court for the District of New Jersey.

2.      I understand the terms of the Order.

3.      I hereby agree to be bound by the terms of the Order and understand that a

violation thereof may subject me to contempt proceedings and to legal and equitable

remedies, including damages.

4.      I understand and agree that money damages would not be a sufficient remedy

for breach of this Undertaking and that a party that asserts the confidential interest shall be

entitled to specific performance and injunctive or other equitable relief as a remedy for any

such breach.  I agree to waive any requirement for the securing or posting of any bond in

connection with such remedy.  Such remedy shall not be deemed to be the exclusive remedy

for breach of this Undertaking but shall be in addition to all remedies available at law or

equity.

5.      I hereby irrevocably submit to the jurisdiction of the United States District

Court for the District of New Jersey, or any other court of competent jurisdiction, for

purposes of ensuring compliance with the terms and conditions of the Order and for civil

remedies in the form of legal and equitable relief, including damages, for any breach thereof.

       Executed on _____.

_____
Print Name

_____
Signature

_____
Title

_____
Company