**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| IN RE RULE 45 SUBPOENAS TO FUTUREBRAND AND SIMON HILL | ) ) ) ) ) ) ) ) | No. 18-MC-356 **Related Action:** Merck & Co., Inc. et al. v. Merck KGaA Civil Action No. 2:16-cv-266 ES-MAH (D.N.J.) |

---

**HYPERMEDIA SOLUTIONS, LLC AND SIMON HILL'S**
**MEMORANDUM OF LAW IN OPPOSITION TO MERCK & CO., INC.**
**AND MERCK SHARP & DOHME CORP.'S MOTION TO COMPEL**

---

James W. Boyan III
**PASHMAN STEIN WALDER HAYDEN**
Court Plaza South
21 Main Street, Suite 200
Hackensack, New Jersey 07601
T: 201-488-8200
F: 201-488-5556
*Attorneys for Respondents*
*HyperMedia Solutions, LLC and Simon Hill*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS .........................................................................................................1

ARGUMENT ...............................................................................................................................2

   I.    MOVANTS HAVE FAILED TO SATISFY THEIR BURDEN OF
        DEMONSTRATING THAT HMS AND MR. HILL CONTROL
        THE RELEVANT DOCUMENTS ....................................................................................2

  II.    MOVANTS HAVE FAILED TO SHOW GOOD CAUSE TO BURDEN
        A THIRD-PARTY WITH THE EXPENSE OF PRODUCTTION ...................................6

CONCLUSION .............................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Alexander Interactive, Inc. v. Adorama, Inc.*,
  2014 WL 61472 (S.D.N.Y. Jan. 6, 2014)................................................................ 3

*Carl Zeiss Stiftung v. V. E. B. Carl Zeiss, Jena*,
  40 F.R.D. 318 (D.D.C 1966) ................................................................................. 6

*Cooper Indus., Inc. v. British Aerospace, Inc.*,
  102 F.R.D. 918 (S.D.N.Y. 1984) .......................................................................... 4

*Hunter Douglas, Inc. v. Comfortex Corp.*,
  No. CIV. A. M8–85, 1999 WL 14007 (S.D.N.Y. Jan. 11, 1999) ......................... 2, 4

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
  236 F.R.D. 177 (S.D.N.Y. 2006) .......................................................................... 5

*Linde v. Arab Bank, PLC*,
  262 F.R.D. 136 (E.D.N.Y. 2009) ......................................................................... 2, 5

*New York ex rel. Boardman v. Nat'l R.R. Passenger Corp.*,
  233 F.R.D. 259 (N.D.N.Y. 2006)........................................................................... 2

*S.E.C. v. Credit Bancorp, Ltd.*,
  194 F.R.D. 469 (S.D.N.Y. 2000) .......................................................................... 2, 4, 5

*Ssangyong Corp. v. Vida Shoes Int'l, Inc.*, 03 CIV 5014 (KMW) (DFE),
  2004 WL 1125659 (S.D.N.Y. May 20, 2004)....................................................... 3, 4

*Tiffany (NJ) LLC v. Qi Andrew*,
  276 F.R.D. 143 (S.D.N.Y. 2011) .......................................................................... 2, 3, 4

**Rules**

Fed.R.Civ.P. 45.......................................................................................................... 2, 6

## PRELIMINARY STATEMENT

The instant motion is an attempt to circumvent proper discovery channels, including the Hague Convention, and force an unrelated third-party to produce documents that it does not control. Plaintiffs subpoenaed the incorrect company, but instead of attempting to correct that mistake, they have doubled down on arguments lacking factual support. HyperMedia Solutions, LLC ("HMS") and FBC (FutureBrand) Limited ("FBC") both make use of the tradename FutureBrand, but are distinct entities lacking shared access to files. Likewise, Simon Hill is an employee of HMS only, and he personally lacks access to FBC documents.

## STATEMENT OF FACTS

Movants Merck & Co., Inc. and Merck Sharp & Dohme Corp. (collectively the "Movants") served upon HMS a subpoena direct to FutureBrand Ltd. (Samii Decl. ¶ 3). The subpoena seeks documents related to services FBC provided to one of its customers, Merck KGaA ("KGaA"). (*Id*. ¶ 12). HMS did not perform any work for KGaA during the relevant time period. (*Id.* ¶ 8).

Though HMS and FBC operate under a common tradename and are both indirect subsidiaries of The Interpublic Group of Companies, Inc. ("IGC") that is where the connections end. (*Id.* ¶ 7, 11). HMS is a limited liability company organized under the laws of the State of New York, whereas FBC is a legally distinct limited company based in the United Kingdom and organized under the laws of the United Kingdom. (*Id.* ¶ 5, 10). The two companies do not share documents in the usual course of business, have access to each other's documents, or need each other's documents. (Id. ¶ 17).

The documents sought by Movants' subpoena have at all times been in the possession of FBC. Moreover, the documents are located in the United Kingdom. (*Id.* ¶ 13). HMS does not

1

have the ability to access FBC's documents upon demand.  (Samii Decl. ¶ 15).  Movants should have subpoenaed FBC through the Hague Convention.  Nonetheless, Movants to date have failed to even attempt to serve FBC, and instead have filed this unnecessary motion.

## ARGUMENT

### I.   MOVANTS HAVE FAILED TO SATISFY THEIR BURDEN OF DEMONSTRATING THAT HMS AND MR. HILL CONTROL THE RELEVANT DOCUMENTS

When properly served with a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure, "a non-party may be required to produce for discovery materials which are in the non-party's possession, custody, or control.  *S.E.C. v. Credit Bancorp, Ltd*., 194 F.R.D. 469, 471 (S.D.N.Y. 2000) (citing Fed.R.Civ.P. 45(a)(1)(C)).  A witness has control over a document, for the purposes of Rule 45, if the witness has the "practical ability to obtain the document.  *Tiffany (NJ) LLC v. Qi Andrew*, 276 F.R.D. 143, 147 (S.D.N.Y. 2011).  The demanding party has the burden of establishing control over the documents being sought.  *S.E.C. v. Credit Bancorp, Ltd*., at 472; *see also New York ex rel. Boardman v. Nat'l R.R. Passenger Corp.*, 233 F.R.D. 259, 268 (N.D.N.Y. 2006).

Movants misstate the applicable standard by claiming that "when discovery is sought from a corporation its business records are presumed to be within its control . . . ." (Movants' Memorandum of Law, p.8).  The instant case deals with legally distinct business entities, and the party seeking to compel one company to produce documents from an affiliated company, like a parent, subsidiary or sister company, bears the burden of establishing the local entities control over the documents.  *Linde v. Arab Bank, PLC*, 262 F.R.D. 136, 141 (E.D.N.Y. 2009).

"Access" and "ability to obtain documents" may exist if "documents ordinarily flow freely between" a parent and subsidiary.  *Hunter Douglas, Inc. v. Comfortex Corp.,* No. CIV. A.

M8–85, 1999 WL 14007, at *3 (S.D.N.Y. Jan. 11, 1999).  In considering whether a company has the ability to obtain documents from non-party, courts look to the "existence of cooperative agreements or contracts between the responding party and non-party, the extent to which the non-party has a stake in the outcome of the litigation, and the non-party's past history of cooperating with document requests."  *Alexander Interactive, Inc. v. Adorama, Inc.*, 12 CIV. 6608 PKC JCF, 2014 WL 61472, at *3 (S.D.N.Y. Jan. 6, 2014).  Even when the two entities are affiliated, the court should consider whether the entities operated as one, exhibited a history of access to each other's documents in the ordinary course of business, and whether one served as the agent for the other. *Id*. At *4.

Here, Movants are seeking documents related to services FBC provided to KGaA.  HMS did not provide services to KGaA during the relevant period of time.  (Samii Decl. ¶ 8).  Only FBC provided services to KGaA, and only FBC maintains and controls those documents, which are the subject of Movants' subpoena.  (Id. ¶ 12-13).  Documents do not ordinarily flow between HMS and FBC, and the two entities do not have access to one another's documents in the normal course of business.  (Id. ¶ 17).  FBC and HMS are not closely related.  They are both indirect subsidiaries of IPG.  Without access to FBC's documents, HMS has no control of the documents sought by the subpoena, and cannot be compelled to produce those documents.

In support of its motion, Movants rely upon *Tiffany,* 276 F.R.D. 143 and, *Ssangyong Corp. v. Vida Shoes Int'l, Inc.*, 03 CIV. 5014 (KMW) (DFE), 2004 WL 1125659, at *2 (S.D.N.Y. May 20, 2004).  Both of those cases are distinguishable, however, because they did not deal with sister corporations. Rather, in those cases, local bank branches of a single corporation were compelled to produce documents in the physical possession of other branches of the same corporation.  See *Tiffany,* 276 F.R.D. 143; *see also Ssangyong Corp.*, 2004 WL 1125659, at *1.

In both cases, the branches were not separately incorporated and were part of the same corporate entity. *Tiffany,* 276 F.R.D. at 148; *Ssangyong Corp.*, 2004 WL 1125659, at *2.

The *Hunter* case, relied on by Movants, is also distinguishable. In that case, the local subsidiary and its corporate parent in Canada shared an ordinary free flow of documents between one another. *Hunter, 2009* WL 14007 at *3. Also, the local United States subsidiary produced much of the revenues that were part of the underlying dispute. *See id.* In this case there is no free flow of documents between HMS and FBC.

Movants also rely on *Cooper*, which noted that it would be "inconceivable" for the defendant to not have access to documents and the ability to obtain them for its "usual business." *Cooper Indus., Inc. v. British Aerospace, Inc.*, 102 F.R.D. 918, 919–20 (S.D.N.Y. 1984). This case too is distinguishable because there are no documents in FBC's direct possession that HMS would need to access even occasionally, let alone unilaterally or in the course of "usual business." (Id. ¶ 17). HMS has no need to access KGaA documents and has never had access to those documents.

The court in *Credit Bancorp* recognized that there are few cases directly addressing the instant situation where one sister corporation is asked to produce documents within the possession of a sister corporation abroad, and it determined that control in those circumstances requires access. *S.E.C. v. Credit Bancorp, Ltd.*, at 473. In that case, two sister corporations were both affiliated with Credit Suisse, and the party responding to the subpoena offered little information regarding the flow of information between itself and Credit Suisse. *Id.* Though the movant in that case argued that certain security regulations obligated the company to at least have access to the subject documents, the court disagreed. The company served with the subpoena maintained an account that held securities related to the underlying transaction, yet due

4

to the nature of the account, it was not obligated to know which of those shares were related to its sister corporation. *Id*. at 474. The company represented that it did not have to the subject documents in the usual course of business, and the court accordingly determined that the movant had failed to satisfy its burden with respect to control. *Id*. at 475.

The case here is similar to *Credit Bancorp* insofar as HMS does not have access to any of the customer accounts or documents of FBC. The instant case presents an even stronger case for denying the motion to compel because unlike in *Credit Bancorp*, where the subpoenaed company participated in some transactions that may have been relative to the underlying litigation, HMS simply had no relation, interaction, or dealings relative to KGaA during the relevant time period.

The Eastern District of New York has also made clear that access in the usual course of business is the essential inquiry. *Linde,* 262 F.R.D. at 142. In that case, sworn statements represented that the subsidiary did not have access to its parent's documents in the regular course of business, and the companies did not share information concerning their customers or transactions. *Id*. at 142. In *Linde*, the parent's shareholders had made a commitment to make its available the documents of its affiliates and subsidiaries, but the court found that the inverse was not necessarily true. *Id*. The court determined that the subsidiary lacked access to its parent company's documents, and the motion to compel was denied. *Id*. In the instant case, HMS has provided a sworn declaration that it cannot access FBC documents in the ordinary course and FBC does not have any commitment to make available or access the documents of HMS. As such, this presents an even stronger case than *Linde* for denying motion to compel.

Finally, it is important to note that Mr. Hill is not an employee of FBC. He is only an employee of HMS, and therefore the Movants' reliance on the case of *In re Flag Telecom*

*Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 179 (S.D.N.Y. 2006), which deals with a direct employee having access to his employer's documents, is misplaced.

## II. MOVANTS HAVE FAILED TO SHOW GOOD CAUSE TO BURDEN A THIRD-PARTY WITH THE EXPENSE OF PRODUCTION

Even assuming *arguendo* that the Court finds that HMS has control over the documents in question, this Court should deny Movant's motion to compel because they have failed to demonstrate good cause to burden a third-party with the cost of production.  As an initial matter, Mr. Hill has indicated that he is willing to appear for a deposition in response to the subpoena. Movants' never responded to Mr. Hill's offer to appear for a deposition.  Instead, they simply filed this motion without bothering to inquire what information he has or whether he actually has access to the documents in question.   Moreover, Movants' have failed to explain how the documents are relevant to their case, whether they requested the documents in question from KGaA, or whether they were able in obtain any of the relevant documents from KGaA.   Under Rule 45, the "necessity for production is sharply reduced where an available alternative for obtaining the desired evidence has not been explored." *Carl Zeiss Stiftung v. V. E. B. Carl Zeiss, Jena*, 40 F.R.D. 318, 328 (D.D.C 1966), *aff'd sub nom. V.E.B. Carl Zeiss, Jena v. Clark*, 384 F.2d 979 (D.C. Cir. 1967).  Movants have also failed to disclose that the fact discovery period in the underlying action closed several weeks ago.  (*See* Civil Action No. 2:16-cv-266 ES-MAH (D.N.J.) (Docket Entry No. 102).  In fact, the discovery period closed on the same date that Movants' served this motion on HMS and Mr. Hill, August 6, 2018.   Movants' have failed to demonstrate good cause for continuing to seek fact discovery outside of the discovery period set by the District of New Jersey.

## <u>CONCLUSION</u>

For the reasons stated herein, HMS and Mr. Hill respectfully request the Court to deny

Movants' motion to compel in its entirety.

**PASHMAN STEIN WALDER HAYDEN**
A Professional Corporation
*Attorneys for HyperMedia Solutions, LLC and Simon Hill*

Dated:  August 20, 2018                    By:    /s/ James W. Boyan III
                                                   JAMES W. BOYAN III
                                                   jboyan@pashmanstein.com
                                                   Court Plaza South
                                                   21 Main Street – Suite 200
                                                   Hackensack, NJ 07601
                                                   (T) 201-488-8200
                                                   (F) 201-488-5556

7