**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                :
                                : No. 18-MC-356 (PKC)
IN RE RULE 45 SUBPOENAS TO     :
FUTUREBRAND AND SIMON HILL    :
                                : <u>Related Action</u>:
                                :
                                : *Merck & Co., Inc. et al. v. Merck KGaA*,
                                : Case No. 2:16-cv-00266-ES-MAH
                                : (D.N.J.)
                                :
                                :
                                :
------------------------------------------------------------x

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF**
**MERCK & CO., INC. AND MERCK SHARP & DOHME CORP. TO COMPEL**
**FUTUREBRAND AND SIMON HILL**
<u>**TO PRODUCE DOCUMENTS PURSUANT TO SUBPOENA**</u>

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................2

I.     RESPONDENTS MUST PRODUCE DOCUMENTS IN THEIR POSSESSION .............2

II.    RESPONDENTS' ASSERTION THAT THEY DO NOT HAVE CONTROL OVER OTHER FUTUREBRAND RECORDS IS CONCLUSORY AND UNCONVINCING....2

III.   RESPONDENTS HAVE NO OTHER BASIS FOR THEIR REFUSAL TO COMPLY WITH THE SUBPOENAS ....................................................................................................6

CONCLUSION...............................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Rock Salt Co. v. Norfolk S. Corp.*,
  228 F.R.D. 426 (W.D.N.Y. 2005) ................................................................................................4

*Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*,
  262 F.R.D. 293 (S.D.N.Y. 2009) .................................................................................................7

*Cooper Indus. v. British Aerospace, Inc.*,
  102 F.R.D. 918 (S.D.N.Y. 1984) ............................................................................................5, 6

*Huang v. iTV Media, Inc.*,
  No. 13 Civ. 3439, 2017 WL 706194 (E.D.N.Y. Feb. 22, 2017) ..................................................4

*Hunter Douglas, Inc. v. Comfortex Corp.*,
  No. Civ. A. M8–85, 1999 WL 14007 (S.D.N.Y. Jan. 11, 1999) .................................................4

*Linde v. Arab Bank, PLC*,
  262 F.R.D. 136 (E.D.N.Y. 2009) .................................................................................................6

*S.E.C. v Credit Banccorp, Ltd.*,
  194 F.R.D. 469 (S.D.N.Y. 2000) .............................................................................................4, 6

*Tiffany (NJ) LLC v. Qi Andrew*,
  276 F.R.D. 143 (S.D.N.Y. 2011) .............................................................................................3, 5

**Other Authorities**

Fed. R. Civ. P. 45 ............................................................................................................................3, 7

**PRELIMINARY STATEMENT**

On June 7, 2018, Respondents FutureBrand and Mr. Hill[1] informed Merck that they had collected certain documents in response to Merck's Subpoenas and that they were in the process of locating others. On June 14, 2018, in an abrupt about-face, Respondents informed Merck that they no longer planned to respond to the Subpoenas. This abrupt turn leaves the impression that Respondents reviewed the documents and decided—perhaps in light of their ongoing client relationship with KGaA, the defendant in the underlying action—that it would be better to take their chances fighting the Subpoenas than to produce those documents.

In any event, Respondents' concession that they possess responsive documents is *alone* a sufficient basis for this Court to grant Merck's Motion. Respondents' Opposition to Merck's Motion (the "Opposition" or "Opp. Br.") fails to address that fact altogether. Instead, Respondents make conclusory and implausible assertions that FutureBrand's UK and U.S. offices are separate operating entities that do not have the ability to access each other's documents. Respondents' assertion is irrelevant in light of their prior acknowledgement that they actually *have* the documents at issue and have access to more.

This Motion does not require the Court to disentangle the relationships between the corporate entities that Respondents present. To the contrary, this is a simple case where Respondents have demonstrated that they have possession, control, and the ability to produce responsive documents, but have categorically refused to do so. Accordingly, the Court should order Respondents to produce the documents in question.

---

[1] Capitalized terms not defined herein are defined in Merck's memorandum of law, filed August 1, 2018. Likewise, references to the Rubino Declaration and exhibits appended thereto are to the documents filed with the Motion on August 1, 2018. (Dkt. No. 4.)

**ARGUMENT**

I.  **RESPONDENTS MUST PRODUCE DOCUMENTS IN THEIR POSSESSION**

Respondents have acknowledged that they already possess at least some of the documents responsive to Merck's Subpoenas.  The Federal Rules of Civil Procedure require them to produce these documents to Merck.  *See* Fed. R. Civ. P. 45(a)(1)(A)(iii) (non-party must produce documents in their "*possession*, custody, or control") (emphasis added).  Oddly, Respondents' Opposition does not address their acknowledgement at all.  It does not state, for example, that their attorney misspoke when he stated that he had collected responsive documents, or otherwise explain why they should not be ordered to produce responsive documents that are in their actual possession.  Because Respondents have conceded that they possess responsive documents, the Court should order Respondents to produce them.

II.  **RESPONDENTS' ASSERTION THAT THEY DO NOT HAVE CONTROL OVER OTHER FUTUREBRAND RECORDS IS CONCLUSORY AND UNCONVINCING**

The public records appended to Merck's Motion contradict Respondents' conclusory assertion that FBC (FutureBrand) Limited ("FBC"), a UK limited company, and HyperMedia Solutions LLC ("HMS"), a New York LLC that uses the FutureBrand "tradename," are "distinct entities lacking shared access to files" and "not closely related," such that FutureBrand should be excused from producing documents purportedly in FBC's possession. (Opp. Br. at 1, 3.)  All available evidence indicates that—whatever their legal structure may be—the entities in question hold themselves out as a single company called FutureBrand.  (Rubino Decl. ¶¶ 23-30; Exs. 14, 15, 17 and 18.)

Merck has satisfied its burden of showing that Respondents have control over their own records (or, accepting Respondents' characterization of their corporate structure, that they have control of documents belonging to "FBC").  *See Tiffany (NJ) LLC v. Qi Andrew*, 276 F.R.D. 143,

2

149 (S.D.N.Y. 2011). Merck explained in its Motion that the documents it seeks were developed by Simon Hill while he was working for FutureBrand's London office. (Rubino Decl. ¶ 7.) Public records show that FutureBrand remains an operating entity and that KGaA is one of its clients—in the U.S. and elsewhere. (*Id.* ¶ 23). Most importantly, Respondents demonstrated control when their attorney admitted that he had the ability to collect the requested documents. (*Id*. ¶ 19; Ex 10.)

      Courts in this district and others have held that the nature of corporate structure is not the decisive factor in determining whether a corporation has control of requested documents. *See generally S.E.C. v Credit Banccorp, Ltd.*, 194 F.R.D. 469, 471 (S.D.N.Y. 2000) ("'[c]ontrol' has been construed broadly by the courts as the legal right, authority, or practical ability to obtain the materials sought upon demand."); *see also id*. at 472 ("It is obvious that the particular form of the corporate relationship does not govern whether [a corporation] controls documents." (citing *Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 131 (D. Del. 1986))); *Huang v. iTV Media, Inc.*, No. 13 Civ. 3439, 2017 WL 706194, at *8 (E.D.N.Y. Feb. 22, 2017) (finding control where "budget, payroll reports, organization chart, and company policies" flowed freely between sister corporations); *Am. Rock Salt Co. v. Norfolk S. Corp.*, 228 F.R.D. 426, 460 (W.D.N.Y. 2005) (finding that parent company had control of documents that were held by a partly-owned subsidiary where the parent company had shown the ability to obtain records from its subsidiary). Even accepting Respondents' assertion regarding the corporate structure, they still have to produce the documents given their acknowledged control. *See Hunter Douglas, Inc. v. Comfortex Corp.*, No. Civ. A. M8–85, 1999 WL 14007, at *3 (S.D.N.Y. Jan. 11, 1999) (test for control "focuses on whether the corporation has access to the documents and ability to obtain the documents") (internal citations omitted). To rebut this presumption, Respondents must show

"[c]lear proof of lack of possession and control." *Tiffany*, 276 F.R.D. at 149 (citation omitted); *see also Cooper Indus. v. British Aerospace, Inc.*, 102 F.R.D. 918, 920 (S.D.N.Y. 1984) (compelling production where the producing party "submitted nothing more than conclusory statements to show that these documents are not in its custody or control").

Respondents fail to make a compelling showing that they do not have control of documents that may have been created by FBC in the UK.  They do not state, for example, that the two entities use separate email servers or vendors.  They do not state that Mr. Hill changed email accounts or lost access to his old communications when he transferred from FutureBrand's London office to its office in New York in 2016.  They do not explain how FutureBrand New York office is able to serve its clients without access to documents or records from FutureBrand London, when it otherwise holds itself out as a global company with 25 offices worldwide and a single global management team.[2]  (*See* Exs. 14, 15.)  They do not deny that KGaA is one of their U.S. clients or assert that they maintain separate files for KGaA in the U.S. and elsewhere.  They do not deny that Mr. Hill, who was formerly based in London and is now based in the U.S., was or is responsible for the KGaA account.  They do not explain how HMS operates as a distinct entity when it has no website or other indicia of a public presence.  (*See* Rubino Decl. ¶¶ 25-30.) Nor do they explain how their assertions regarding lack of control can be given credence in light of their attorney's statement that he had already begun collecting responsive material.  In summary, Respondents do not provide credible reasons for the Court to believe that, as a large international company operating in 2018, they do not have access to and the ability to obtain all of their own records, or more to the point, those sought by the Subpoenas.  The weight of

---

[2] *See* https://www.futurebrand.com/about-us.  FutureBrand's website features Mr. Hill as President, FutureBrand North America.  Mr. Hill is featured on the same page as FutureBrand's London-based Global CEO.  Also featured are many other executives from FutureBrand offices in London, San Francisco, Madrid, Milan, and numerous other countries.

4

evidence, not the least of which is Respondents' admission that the documents are accessible, demonstrates that Respondents have control of the documents that Merck seeks.

Respondents rely on *Credit Banccorp* and *Linde v. Arab Bank*, both cases involving banking records, in an attempt to illustrate that they do not have control of responsive documents, but those cases are distinguishable due to the nature of records sought and the evidentiary showing the responding parties did not have access to or the ability to obtain the requested documents. In *Credit Bancorp*, the respondent *did* produce records that it had access to, but the court found that it had made a sufficient factual showing that it did not have the ability to obtain other documents from a sister company's customer database. 194 F.R.D. at 470-71. Similarly, in *Linde v. Arab Bank*, the responding party introduced evidence that, as the American subsidiary of an Israeli bank that functioned independently, it did not have access to its parent company's computer systems or confidential customer information. *Linde v. Arab Bank, PLC*, 262 F.R.D. 136, 142 (E.D.N.Y. 2009). The instant case is much more akin to *Cooper Industries*, where the court found it implausible that an airplane distributor would not have access to documents such as service manuals and blueprints for the airplanes it serviced. 102 F.R.D. at 919.

Respondents have not provided the Court with credible evidence that they do not have possession or control of documents that they have already admitted they possess, and have instead relied on conclusory assertions, which are particularly self-serving in light of the fact that KGaA apparently continues to be Respondents' client. Accordingly, the Court should order Respondents to produce all responsive documents given that they evidently have the ability to obtain this material.

5

### III. RESPONDENTS HAVE NO OTHER BASIS FOR THEIR REFUSAL TO COMPLY WITH THE SUBPOENAS

Finally, Respondents assert several other reasons to relieve them of their obligation to comply with the Subpoenas, each of which is unavailing.

*First*, Respondents argue that Merck has failed to demonstrate good cause to burden third parties with the cost of production. Had Respondents believed that the Subpoenas were unduly burdensome, Respondents should have moved to quash them. *See* Fed R. Civ. P. 45(d)(3)(A)(iv); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 262 F.R.D. 293, 299 (S.D.N.Y. 2009) ("Because the burden is on the party seeking to quash a subpoena, that party cannot merely assert that compliance with the subpoena would be burdensome without setting forth the manner and extent of the burden and the probable negative consequences of insisting on compliance.") (citation omitted). Respondents never did so, and in any event, the purported burden does not relieve Respondents' failure to comply. Indeed, Respondents make no showing at all suggesting the burden is substantial or outweighs the probative benefit of these documents.[3]

*Second*, Respondents grossly mischaracterize the nature of meet and confer discussions between themselves and Merck. They assert that Merck "filed this motion without bothering to inquire what information [Mr. Hill] has or whether he actually has access to the documents in question." (Opp. Br. at 6.) In fact, Merck conferred with Respondents extensively and had reached an agreement where Respondents agreed to produce a narrowed set of documents before Respondents abruptly refused to respond. (Rubino Decl. ¶¶ 17-20; Exs. 6, 10.) Thereafter,

---

[3] Had Respondents moved to quash, Merck would have prevailed. The Subpoenas seek documents created by Mr. Hill and FutureBrand, including drafts that may not have been shared with defendant KGaA. Those documents go to the heart of the issues in this case and KGaA cannot (and did not) provide them in discovery. (*See* Rubino Decl. ¶¶. 3-9.)

6

Merck made repeated inquiries to understand the basis for Respondents' change in position, including their assertion that they do not have control over responsive documents. (*See* Exs. 10, 11, 13). Respondents refused to provide any meaningful reply. (*See* Ex. 12.)

*Finally*, Respondents assert that Merck's Motion requires a demonstration of good cause because the fact discovery period in the underlying matter closed on August 6, 2018. But the Subpoenas were issued months before the close of fact discovery (Rubino Decl. ¶¶ 18-19), and Respondents initially indicated that they would comply. Respondents changed their position approximately six weeks before the close of fact discovery. Merck attempted to meet and confer with Respondents after this point, and only filed its Motion when it became necessary to do so. The Motion was filed and served before the close of fact discovery.

## CONCLUSION

For the foregoing reasons and those set forth in its Motion, Merck respectfully requests that this Court grant its Motion to Compel and order Respondents to produce documents in response to subpoena.

Dated:  New York, New York
       August 27, 2018

Respectfully submitted,

SIDLEY AUSTIN LLP

By:  /s/ *Francesca Brody*
Sona De
sde@sidley.com
Francesca Brody
fbrody@sidley.com
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile:  (212) 839-5599

*Attorneys for Movants Merck & Co., Inc. and Merck Sharpe & Dohme Corp.*